# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

| | | |
|---|---|---|
| TICKLING KEYS, INC., a Florida corporation,  individually and as the representative of a class of similarly-situated persons, | ) ) ) ) | |
| | ) | Case No.: 6:17-cv-1734-RBD-KRS |
| Plaintiff, | ) ) | **CLASS ACTION** |
| v. | ) ) | |
| TRANSAMERICA FINANCIAL ADVISORS, INC., WORLD FINANCIAL GROUP, INC., Delaware corporations, WORLD FINANCIAL GROUP INSURANCE AGENCY, INC., a California corporation, and JOHN DOES 1-5, | ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

## PLAINTIFF'S UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND NOTICE TO THE CLASS

Plaintiff, TICKLING KEYS, INC. ("Tickling Keys, Inc." or "Plaintiff"), on behalf of itself and a class of similarly-situated persons (identified herein as the "Class"), respectfully requests that this Court enter an order: (1) preliminarily approving the proposed class-wide Settlement Agreement attached hereto as Exhibit A (the "Agreement"); (2) approving the form of the "Notice of Class Action Settlement with Attached Proof of Claim Form" attached as Exhibit 2 to the Agreement (the "Notice") and authorizing its distribution to the Settlement Class; and (3) setting dates for opt-outs, objections, and a fairness hearing at which time final judgment can be entered.  A proposed Order Preliminarily Approving Settlement and Certifying

Settlement Class is attached as Exhibit 1 to the Agreement (the "Preliminary Approval Order") and submitted as Exhibit B to this motion. A proposed Final Approval Order and Judgment, to be entered following class notice and a final approval hearing, is attached as Exhibit 3 to the Agreement (the "Final Approval Order").

## I.    BACKGROUND AND SUMMARY OF SETTLEMENT

1.    Plaintiff's Class Action Complaint in this action (the "Litigation") alleges that Defendants Transamerica Financial Advisors, Inc., World Financial Group, Inc., and World Financial Group Insurance Agency, Inc. (collectively, "Defendants"), violated the federal Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, and regulations promulgated by the Federal Communications Commission, by faxing advertisements without the prior express invitation or permission of Plaintiff or the putative class members or without a valid opt-out notice.

2.    Plaintiff's attorneys have investigated the relevant facts, served written discovery and taken oral discovery, and have concluded that Defendants sent one facsimile advertisement to approximately 1,054 persons or entities. Defendants deny all liability to Plaintiff and the putative class and that they violated the TCPA or any other statute or regulation.

3.    After reviewing and analyzing the legal and factual issues presented in this action, the risks and expenses involved in pursuing the litigation to conclusion, the likelihood of a damage award in excess of that negotiated in this settlement, the protracted nature of the litigation, and the likelihood, costs and possible outcomes of one or more procedural and substantive appeals, and after the respective counsel for the parties conducted settlement negotiations, Plaintiff and Defendants have reached an agreement to settle this case on a class-

wide basis.  The parties negotiated their Settlement Agreement (Exhibit A) in good faith and at arm's-length through a third-party mediator, Rodney Max.

      4.     The key terms of the Agreement are as follows:

      (a)    <u>Class Certification</u>.  The parties have stipulated to certification of a settlement class, pursuant to Federal Rule of Civil Procedure 23 for settlement purposes, consisting of:

> All 1,054 persons who were sent a facsimile advertisement on or about August 31, 2015 in the form attached as Exhibit A to the Complaint in the Litigation (the "Fax") stating "**TRANSAMERICA FINANCIAL ADVISORS, INC.** Maximize your Investing Potential" and offering "many solutions to help families, individuals and businesses prepare for their financial futures… If I can answer any questions for you, please feel free to contact me at 707.332.2915 or 951.530.9343…"

(herein referred to as the "Settlement Class" or "Class").  Excluded from the Settlement Class shall be:  (a) the Defendants and their agents or affiliates, present and former officers, directors, shareholders, employees, and their successors, heirs, assigns, and legal representatives; and  (b) members of the judiciary. Agreement ¶ 3.

      (b)    <u>Class Representation</u>.  The parties have further agreed, subject to court approval, that Plaintiff will be the "Class Representative" and that Plaintiff's attorney, Ryan M. Kelly of Anderson + Wanca, will be Class Counsel.

      (c)    <u>Relief to the Settlement Class</u>.  Defendants will make available a total of up to $527,000.00 (the "Settlement Fund") to pay class member claims on a claims made basis, to pay an incentive payment to the Class Representative, and to pay attorneys' fees and case-related costs to Class Counsel, including the costs of claims administration.  *Id*. ¶¶ 6, 10, 12.  Each Settlement Class member that

submits a timely and valid claim form verifying that it or its company owned the fax number that was in effect during the Class Period and the fax number matches a fax number listed in the records obtained through discovery (the "Records"), will be paid a *pro rata* share of the Settlement Fund, up to $500.00, payable by check, said checks being void 91 days after issuance with no further right or entitlement to payment.  *Id*. ¶ 8.   Under no circumstances shall Defendants be required to pay more than $527,000.00.  Any portion of the Settlement Fund not paid shall revert back to and be retained by Defendants. Given the risks and delay associated with further litigation and a trial, Plaintiff's attorneys determined that the settlement is fair, reasonable, and adequate for the Settlement Class because each Class member who claims in may receive its full statutory damage amount. *Id*. at p. 2.

(d)    The Settlement Administrator.   Plaintiff has retained the services of Class-Settlement.com – a professional third-party class action settlement administrator – to administer the class notice, claims process, and payment of claims.  *Id*. ¶ 7.

(e)    Class Notice.   Within 21 days of the Court's entry of the Preliminary Approval Order, the Settlement Administrator will cause the Notice to be sent to the Settlement Class by sending the Notice by facsimile and if transmission of the Notice by facsimile is unsuccessful after three (3) attempts, then if possible notice will be mailed to the Class member at the last known address if available from a reverse look up search by the Settlement Administrator.  *Id*. ¶ 4.   The proposed Notice is attached as Exhibit 2 to the

Settlement Agreement. Settlement Class members will have 60 days from the date of Notice to submit claims. Claims may be submitted electronically, by facsimile, or by U.S. Mail. *Id*. ¶ 8.

(f)    <u>Requests for Exclusion</u>. Any member of the Settlement Class may request to be excluded from the Settlement Class by sending a signed written request for exclusion postmarked on or before the date set forth in the Notice, which is 45 days after the sending of the Notice, as approved and directed by the Court and specified in the Notice. In order to exercise the right to be excluded, a member of the Settlement Class must timely send a written request for exclusion to Class Counsel and Counsel for Defendants, providing his or her full name, address, fax number(s) to which the Fax was sent, current telephone number, and the case name and case number stated in the Notice. Further, the written request for exclusion must include a statement that the member of the Settlement Class submitting the request wishes to be excluded from the Settlement, and the personal signature of the member of the Settlement Class submitting the request. A request to be excluded that does not include all of the foregoing information, or that is sent to an address other than that designated in the Notice, or that is not postmarked within the time specified, shall be invalid, and any Person serving such a request shall be a Settlement Class member and shall be bound as a Settlement Class member by the Agreement, if approved. Any member of the Settlement Class who properly elects to be excluded shall not: (i) be bound by the Final Approval Order; (ii) be entitled to relief under the Agreement; (iii) gain any

rights by virtue of the Agreement; or (iv) be entitled to object to any aspect of the Agreement. *Id*., ¶ 18.

      (g)   <u>Objections</u>.   Any member of the Settlement Class who does not request exclusion from the settlement may object to the settlement or the Agreement by filing with the Court a written statement postmarked on or before the deadline set forth in the Notice, which is 45 days after the sending of the Notice, that includes: (i) the objector's full name; (ii) address; (iii) the facsimile number(s) to which the Fax was sent; (iv) current telephone number; (v) a statement providing in detail the nature and all grounds for the objection, with any legal support the objector intends to bring to the Court's attention, and copies of any documents or evidence that the Settlement Class member intends to introduce or present in support of the objections; (vi) the identity of any witnesses that may be called to testify at the Final Approval Hearing; (vii) the name, address, phone number, and email of any attorney who was consulted or assisted with respect to any objection; (viii) a statement whether the objector intends to appear at the Final Approval Hearing either in person or through counsel; and (ix) a certificate of service showing that copies of the objection were served on Class Counsel and Counsel to the Defendants.  Any member of the Settlement Class who fails to timely file a written objection within the deadline and in full compliance with the terms of this paragraph and the Notice shall not be permitted to object to the settlement at the Final Approval Hearing, and shall be foreclosed from seeking any review of the settlement by appeal or other means and shall be deemed to

have waived any and all objections and be forever barred from making any such objections in this action or any other action or proceeding. *Id*. ¶ 19.

(h)    <u>Release</u>.  In consideration of the relief provided by the settlement, as detailed in the Agreement, the Settlement Class will release all claims that arise out of or relate to Defendants' transmission of the facsimile at issue sent on or about August 31, 2015.  *Id*. ¶ 13.

(i)    <u>Incentive Award and Attorney's Fees and Expenses</u>.    Class Counsel will ask the Court to approve the parties' agreement to pay $10,000.00 from the Settlement Fund to Tickling Keys, Inc. as an incentive award for serving as the Class Representative.  *Id*. ¶ 10.  Further, Class Counsel will ask the Court to approve the parties' agreement to pay attorneys' fees equal to 33 1/3% of the Settlement Fund ($175,666.66) plus reasonable out of pocket expenses, not to exceed $25,000.00 including the costs of settlement administration.    *Id*. Defendants will not object to a request for these amounts.  *Id*.

## II.    THE COURT SHOULD PRELIMINARILY APPROVE THE SETTLEMENT

5.    "Approval of a class-action settlement is a two-step process.  In the first step, the Court determines whether the proposed settlement should be preliminarily approved."  *Fresco v. Auto Data Direct, Inc.*, 2007 WL 2330895, *4 (S.D. Fla. May 14, 2007), *citing* David F. Herr, Annotated Manual for Complex Litigation § 21.632 (4th ed. 2004).  "At the preliminary-approval step, the Court is required to 'make a preliminary determination on the fairness, reasonableness, and adequacy of the settlement terms.'"  *Id., quoting* Annotated Manual for Complex Litigation § 21.632.  "A proposed settlement should be preliminarily approved if it 'is within the range of possible approval or, in other words, [if] there is "probable cause" to notify the class of the proposed settlement."  *Id.* (*quoting Horton v. Merrill Lynch, Pierce, Fenner &*

*Smith, Inc.,* 855 F.Supp. 825, 827 (E.D.N.C. 1994) and *Armstrong v. Board of School Directors*, 616 F.2d 305, 312 (7th Cir. 1980)).  "In the second step, following appropriate notice to the class and after hearing from any potential objectors, the Court makes a final decision whether to approve the proposed settlement." *Id.*

6.    A court may approve a settlement if the settlement "is fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(2). *See Nelson v. Mead Johnson & Johnson Co.*, 484 Fed.Appx. 429, 434 (11th Cir. 2012).  It is well-established that there is an overriding public interest in settling and quieting litigation, and this is particularly true in class actions. *See In re Checking Account Overdraft Litig.*, 830 F.Supp.2d  1330, 1341 (S.D. Fla. 2011), *quoting In re Chicken Antitrust Litig. Am. Poultry,* 669 F.2d 228, 238 (5th Cir. 1982) (The Rule 23(e) analysis should be "informed by the strong judicial policy favoring settlements as well as the realization that compromise is the essence of settlement"); *Isby v., Bayh*, 75 F.3d 1191, 1196 (7th Cir. 1996) ("Federal courts naturally favor the settlement of class action litigation.").  "Settlement agreements are highly favored in the law and will be upheld whenever possible because they are a means of amicably resolving doubts and uncertainties and preventing lawsuits." *In re Checking Account Overdraft Litig.*, 830 F.Supp.2d at 1341, *quoting In re Nissan Motor Corp. Antitrust Litig.*, 552 F.2d 1088, 1105 (5th Cir. 1977).

7.    The factors for consideration are:  (1) the likelihood of success at trial; (2) the range of possible recovery; (3) the range of possible recovery at which a settlement is fair, adequate, and reasonable; (4) the anticipated complexity, length and expense of further litigation; (5) opposition to the settlement; and (6) the stage of the proceedings at the time of settlement. *See Faught v. American Home Shield Corp.*, 668 F.3d 1233, 1240 (11th Cir. 2011), *citing In re CP Ships Ltd. Sec. Litig.*, 578 F.3d 1306, 1315 (11th Cir. 2009).

8.      Here, consideration of these factors shows that the proposed settlement is within the range of possible recovery, such that notice should be sent and a fairness hearing should be scheduled.    Plaintiff and Defendants agree that the Settlement Class potentially includes approximately 1,054 facsimile advertisements sent on or about August 31, 2015.

9.      Defendants deny liability and have raised numerous defenses both to class certification and on the merits.  These defenses include lack of standing, no personal jurisdiction over Defendants, failure to establish that the Fax was transmitted from and received by a "telephone facsimile machine" within the meaning of the TCPA, lack of vicarious liability, violation of Defendants' rights to commercial speech under the First Amendment, and other defenses.  Plaintiff has recovered in its discovery 1,054 fax numbers who were sent the Fax advertisement from an Ontario, Canada based fax broadcaster.  There is a possibility that Defendants could prevail at trial and the class could receive nothing.

10.     The Settlement Fund is up to $527,000.00.  Significantly, however, Settlement Class members who submit a simple claim form may recover up to their full $500.00 per unique fax number.

11.     Given the above, the recovery for the Class here is well within the range of what is fair, adequate and reasonable.  As noted, claiming class members will be paid a pro rata share of the Settlement Fund up to the full $500.00.

12.     Further, the settlement avoids significant further litigation, which would include a contested motion for class certification, cross-motions for summary judgment, possibly a trial, and likely at least one appeal.

13.     Because notice of the settlement has not yet been sent, any opposition by absent Class members is unknown and can only be addressed at the final approval hearing.

14.    The stage of proceedings and amount of discovery supports preliminary approval. The settlement was reached after written and oral discovery and the exchange of sufficient information detailing Defendants' faxing activities.    The parties sufficiently gained an appreciation of the strengths and weaknesses of their respective cases.    Based upon the foregoing as well as the judgment of experienced trial counsel, this Court should grant preliminary approval for the proposed settlement.

## III.    CLASS CERTIFICATION FOR SETTLEMENT PURPOSES

15.    The case is certifiable as a class action for settlement purposes pursuant to Rule 23 in that:

a.    The Settlement Class consists of approximately 1,054 persons or entities, which is so numerous that joinder of all members is impracticable.    These numbers, alone, are sufficient to meet the numerosity requirement of Rule 23.

b.    There are questions of law or fact common to the members of the Settlement Class.    Pursuant to Rule 23, there are questions of law and fact common to all members of the Class and those common questions predominate over any questions affecting individual members of the Class.    It is not necessary that all issues be common to the class, but rather only that there be at least one common issue.    *Roundtree v. Bush Ross, P.A.*, 304 F.R.D. 644, 659 (M.D. Fla. 2015).    Some of these common questions are, *inter alia*:

i.    Whether the Fax was sent by or on behalf of the Defendants and whether it constituted an advertisement as defined by the TCPA;

ii.    Whether Defendants' conduct, as alleged, violated the TCPA; and

iii. Whether Plaintiff and the Class members are entitled to statutory damages under the TCPA.

c.    The claims of the Class Representative are typical of the claims of the Settlement Class.  Pursuant to Rule 23, Plaintiff's claims are typical of the claims of the members of the Class.  "The claim of a class representative is typical if the claims or defenses of the class and the class representative arise from the same event or pattern or practice and are based on the same legal theory.  A class representative must possess the same interest and suffer the same injury as the class members in order to be typical under Rule 23(a)(3)."  *Id.* at 660, *quoting Williams v. Mohawk Indus., Inc.*, 568 F.3d 1350, 1356-57 (11th Cir. 2009).  Here, Plaintiff's claims are identical to the claims of the Class and all Class members were sent the same Fax.  Further, the named Plaintiff has not alleged any cause of action only on behalf of itself, but rather all of its causes of action alleged are in a representative capacity for itself and for the benefit of the Settlement Class it seeks to represent.  Therefore, the Class meets the requirements of typicality.

d.    Plaintiff (the Class Representative) will fairly and adequately protect the interests of the Settlement Class.  Pursuant to Rule 23(a)(4), the named Plaintiff is a member of the class it seeks to represent and the named Plaintiff and its counsel have and will fairly and adequately protect the interests of the members of the Class.  Plaintiff has vigorously pursued this litigation through qualified counsel and has sufficient understanding of its role as class representative.  Plaintiff's counsel have been certified as Class counsel in numerous other TCPA cases.  The settlement on behalf of the Class confers substantial benefits on the Class members.  Therefore, the Class meets the requirements of 23(a)(4) and Plaintiff and its counsel are adequate representatives.

16.     Further, within the meaning of Rule 23(b)(3), the questions of law or fact common to the Class predominate over individual questions, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.  Pursuant to Rule 23(b)(3), the class action procedure is superior to other available methods for the fair and efficient adjudication of this litigation.  The alternatives, of course, to the class action procedure, are a multiplicity of identical individual suits which would strain the Middle District of Florida's judicial resources; or wholesale intervention of all the parties which would be impracticable.  The interest of members of the Class in individually controlling the prosecution of separate actions is not likely to be a grave concern due to the statutory nature of the potential damages and the size of each Class member's damages and, thus, does not render certification inappropriate.  Any difficulties likely to be encountered in the management of this case are not insurmountable.  Therefore, the elements of Rule 23(b)(3) are satisfied.

17.     This action is certifiable as a class action for purposes of settlement only with the Settlement Class being:

> All 1,054 persons who were sent a facsimile advertisement on or about August 31, 2015 in the form attached as Exhibit A to the Complaint in the Litigation (the "Fax") stating "TRANSAMERICA FINANCIAL ADVISORS, INC. Maximize your Investing Potential" and offering "many solutions to help families, individuals and businesses prepare for their financial futures… If I can answer any questions for you, please feel free to contact me at 707.332.2915 or 951.530.9343…."

18.     Plaintiff, Tickling Keys, Inc., asks the Court to appoint it as Class Representative, and appoint Plaintiff's attorney as Class Counsel.

## IV.     THE COURT SHOULD APPROVE NOTICE TO THE SETTLEMENT CLASS

19.     The parties propose to issue notice by faxing the Notice to each member of the Class, and if faxing is unsuccessful then by sending the Notice by U.S. Mail.  A copy of the proposed Notice is attached as Exhibit 2 to the Agreement.

20.     Under federal law, notice of the settlement must satisfy due process.  *Mayer v. Zapata Corp.*, 714 F.2d 436, 450-453 (5th Cir. 1983); *Walsh v. Great Atlantic & Pacific Tea Co.,* 726 F.2d 956, 963 (3d Cir. 1983).  The Court is vested with wide discretion both as to the manner in which notice is given and the form that notice is to take.  7B Charles Alan Wright, et al., FEDERAL PRACTICE AND PROCEDURE § 1797.6 (3d ed. 2005).

21.     Rule 23(C)(2)(B) requires that the Court "must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort."  Here, the Notice will be directly sent to the Class members by facsimile and, if unsuccessful, by mail.

22.     Also, the notice "must clearly and concisely state in plain, easily understood language:  (i) the nature of the action; (ii) the definition of the class certified; (iii) the class claims, issues, or defenses; (iv) that a class member may enter an appearance through an attorney if the member so desires; (v) that the court will exclude from the class any members who request exclusion; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on members under Rule 23(c)(3)."  Here, the proposed Notice satisfies all of these requirements.

23.     Finally, Rule 23(e)(1) provides that notice should be given in "a reasonable manner."  Here, the parties have agreed to a reasonable manner of notice; facsimile to the fax numbers in question and if unsuccessful, by mail.

24.     In conclusion, the proposed Notice meets the legal standards for appropriate notice and satisfies Rule 23.  Therefore, the Court should approve the proposed Notice and authorize its dissemination to the Settlement Class.

## V.    THE COURT SHOULD SCHEDULE A FINAL FAIRNESS HEARING

25.     Finally, Plaintiff requests that the Court schedule a final fairness hearing no less than 100 days following issuance of the Preliminary Approval Order to determine whether the settlement should be finally approved.  A proposed Final Approval Order is attached as Exhibit 3 to the Agreement.

## VI.    CONCLUSION

WHEREFORE, Plaintiff, Tickling Keys, Inc., respectfully requests that this Court enter the Preliminary Approval Order in the form attached as Exhibit 1 to the Agreement (and Exhibit B hereto), granting preliminary approval of the proposed settlement, directing that the Notice be distributed to the members of the Settlement Class (Exhibit 2 to the Agreement), and setting dates for opt-outs, objections, and a final approval hearing.

Dated:  August 14, 2018                    Respectfully submitted,


By: /s/ Ryan M. Kelly_____
    Ryan M. Kelly – FL Bar No.: 90110

ANDERSON + WANCA
3701 Algonquin Road, Suite 500
Rolling Meadows, IL 60008
Telephone: (847) 368-1500 / Fax: (847) 368-1501
rkelly@andersonwanca.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 14, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all attorneys of record.

/s/ Ryan M. Kelly