UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

TICKLING KEYS, INC.,

    Plaintiff,

v.                                                  Case No. 6:17-cv-1734-Orl-37KRS

TRANSAMERICA FINANCIAL
ADVISORS, INC.; WORLD
FINANCIAL GROUP, INC.; WORLD
FINANCIAL GROUP INSURANCE
AGENCY, INC.; and JOHN DOES 1-5,

    Defendants.
_____/

## ORDER

This cause is before the Court on Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement and Notice to the Class. (Doc. 41 ("**Motion**").) For the reasons stated below, the Court finds that the Motion is due to be granted.

### I. BACKGROUND

Plaintiff Tickling Keys, Inc. ("**Tickling Keys**" or "**Class Representative**") initiated this class action against Defendants on October 5, 2017 alleging violations of the Telephone Consumer Protection Act, 42 U.S.C. § 227 ("**TCPA**"). (Doc. 1 ("**Complaint**").) Specifically, Tickling Keys alleges that on or about August 31, 2015 Defendants sent unsolicited facsimile advertisements regarding Defendants' products, goods, and services (Doc. 41-1, p. 24 ("**Fax**")) to Tickling Keys and others without their prior express invitation or permission and without a valid opt-out notice. (*Id.* ¶¶ 12–17.)

Tickling Keys then filed the Motion on August 14, 2018. (Doc. 41.) Tickling Keys asserts that after an investigation his counsel discovered that Defendants sent the facsimile advertisement to approximately 1,054 persons or entities ("**Settlement Class**"). (*Id.* at 2.) Although Defendants maintain that they did not violate the TCPA or any other statute or regulation, the parties represent that they reached an agreement to settle the case on a class-wide basis ("**Settlement**") after negotiating in good faith and at arm's length through a third-party mediator. (*Id.* at 2–3; Doc. 41- 1 ("**Settlement Agreement**")); *see also* Fed. R. Civ. P. 23(b)(3). Thus, they now request: (1) preliminary approval of the proposed class-wide Settlement Agreement; (2) approval of the form of the "Notice of Class Action Settlement with Attached Proof of Claim" (Doc. 41-1, pp. 25–29 ("**Notice**")) and authorization to distribute it to the Settlement Class; and (3) dates for opt-outs, objections, and a final approval hearing. (Doc. 41, p. 1.)

## II.   LEGAL STANDARDS

Federal Rule of Civil Procedure 23(e) requires judicial approval of a class action settlement. Before granting approval of a proposed class action settlement, a court should determine that the settlement "is fair adequate and reasonable and is not the product of collusion between the parties." *Bennett v. Behring Corp.*, 737 F.2d 982, 986 (11th Cir. 1984) (citation omitted). "Confronted with a request for settlement-only class certification, a district court need not inquire whether the case, if tried, would present intractable management problems . . . for the proposal is that there be no trial." *See Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 620 (1997). However, the Court must give heightened scrutiny to the other Rule 23 requirements because the Court will lack the normal

2

opportunity to adjust the class based on the information revealed during the proceedings. *Id.*; *see* Fed. R. Civ. P. 23.

### III.   CONCLUSION

Having reviewed the Settlement Agreement and its exhibits, the Court finds that the Settlement Agreement is due to be preliminarily approved and the Motion granted. Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement and Notice to the Class (Doc. 41) is **GRANTED**.

2. The Court preliminarily approves the Settlement Agreement (Doc. 41-1) as fair, reasonable, and adequate to the Settlement Class, and as meriting notice of the Settlement to persons in the Settlement Class for their consideration and a hearing on the final approval of the settlement.

3. Solely for settlement purposes and pursuant to Federal Rules of Civil Procedure 23(b)(3) and (e), the Court provisionally certifies as the Settlement Class:

    a. All 1,054 persons who were sent the facsimile advertisement on or about August 31, 2015 in the form attached to the Complaint stating, "**TRANSAMERICA FINANCIAL ADVISORS, INC.** Maximize your Investing Potential" and offering "many solutions to help families, individuals and businesses prepare for their financial futures . . . If I can answer any questions for you, please feel free to contact me at 707.332.2915 or 951.530.9343 . . . ." (*See* Doc. 41-1, p. 24)

    b.    Excluded from the Settlement Class are: (1) Defendants and their agents or affiliates, present and former officers, directors, shareholders, employees and their successors, heirs, assigns, and legal representatives; and (2) members of the judiciary.

4. For settlement purposes only, the Court finds that certification of the Settlement Class is appropriate because:

    a.    The Settlement Class is so numerous that joinder of all Settlement Class members would be impracticable;

    b.    There are common questions of law and fact that predominate over any questions affecting only individual class members;

    c.    The claims of the Class Representative are typical of the claims of the Settlement Class;

    d.    The Class Representative and Class Counsel will fairly and adequately protect the interests of the Settlement Class; and

    e.    Certification of the Settlement Class and Settlement is superior to other methods available for a fair and efficient resolution of this controversy.

5. The named Plaintiff, Tickling Keys, Inc., shall be the Class Representative of the Settlement Class. The Court preliminarily finds that it will fairly represent and protect the interests of the absent Settlement Class members.

6. The Court appoints Ryan M. Kelly of Anderson + Wanca as Class Counsel.

      The Court preliminarily finds that he is competent, capable of exercising all responsibilities as Class Counsel, and will fairly and adequately represent and protect the interests of the absent Settlement Class members.

7. The Court approves Tickling Keys' retention of Class-Settlement.com, a third-party class action settlement administrator ("**Settlement Administrator**"), to be responsible for administering the class notice, claims process, and payment of the claims.

8. The proposed procedure for giving notice set forth in the Settlement Agreement and Motion (Doc. 41-1, pp. 5–6; Doc. 41, pp. 4–5 ("**Notice Procedure**")), and the Notice of Class Action Settlement with Attached Proof of Claim Form (*see* Doc. 41-1, pp. 25–28 ("**Notice**"); *id.* at 29 ("**Claim Form**")) satisfy the requirements of Federal Rule of Civil Procedure 23 and due process and are hereby approved. The Settlement Administrator is directed to carry out the Notice Procedure in conformance with the Settlement Agreement.

    a. Within **twenty-one (21) days** of the entry of this Order ("**Notice Deadline**"), the Settlement Administrator shall complete the Notice Procedure set forth in the Settlement Agreement by sending the Notice to Settlement Class members by facsimile and if unsuccessful after three (3) attempts by mailing the Notice to the Settlement Class member at the last known address if available.

    b. Within **sixty (60) days** of the Notice Deadline, Settlement Class

        members must submit their Claim Forms in accordance with the Notice. Claim Forms may be submitted electronically, by facsimile, or by U.S. Mail.

9. Any Settlement Class member who wishes to be excluded from the Settlement must sign and send a written request for exclusion ("**Opt-Out Request**") to Class Counsel and Counsel for Defendants postmarked on or before the date **forty-five (45) days** after the Notice Deadline in accordance with the Notice.

    a. The Opt-Out Request must contain: (1) the Settlement Class member's full name, address, fax number(s) to which the Fax was sent, current telephone number, and the case name and case number stated in the Notice; (2) a statement that the Settlement Class member submitting the request wishes to be excluded from the settlement; and (3) the personal signature of the Settlement Class member submitting the request, all in accordance with the Notice.

    b. An Opt-Out Request that is untimely or fails to contain the required information will be invalid, and the Settlement Class member who submitted the Opt-Out Request will be bound as a Settlement Class member by the Settlement Agreement, if approved.

    c. A Settlement Class member who submits a timely, proper, and valid Opt-Out Request shall not: (1) be bound by the Final Approval Order; (2) be entitled to relief under the Settlement Agreement; (3)

    gain any rights by virtue of the Settlement Agreement; or (4) be entitled to object to the Settlement Agreement.

10. Any Settlement Class member who does not submit a valid Opt-Out Request may object to the Settlement or the Settlement Agreement by filing with the Court a written statement ("**Objection**") postmarked on or before the date **forty-five (45) days** after the Notice Deadline in accordance with the Notice.

    a. The Objection must contain the following as stated in the Notice: (1) the objector's full name, address, facsimile numbers to which the Fax was sent, and current telephone number; (2) a statement providing in detail the nature and all grounds of the Objection, with any legal support and copies of evidence the objector intends to bring to the Court's attention; (3) the identity of any witnesses that may be called to testify at the Final Approval Hearing; (4) the name, address, phone number, and email of any attorney who was consulted or assisted with respect the Objection; (5) a statement whether the objector intends to appear at the hearing in person or through counsel; and (6) a certificate of service showing that copies of the Objection were served on Class Counsel and Counsel to the Defendants.

    b. Any Settlement Class member who fails to timely file a written Objection that complies with the requirements in the Notice: (1) shall not be permitted to object to the Settlement at the Final Approval

Hearing; (2) shall be foreclosed from seeking any review of the Settlement by appeal or any other means; and (3) shall be deemed to have waived any and all objections and be forever barred from making any such objections in this action or any other proceeding.

11. A hearing on final approval of the Settlement ("**Final Approval Hearing**") shall be held before the undersigned on **Tuesday, March 19, 2019, at 10:00 am**, in Courtroom 4A of the Orlando Courthouse, 401 West Central Boulevard, Orlando, Florida, 32801, to determine whether the Settlement should be finally approved.

12. Deadlines arising under the Settlement Agreement and this Order include but are not limited to:

   a. Notice Deadline: **Tuesday, December 4, 2018**

   b. Opt-Out and Objection Deadline: **Friday, January 18, 2019**

   c. Claim Form Deadline: **Monday, February 4, 2019**

   d. Final Approval Hearing: **Tuesday, March 19, 2019**

**DONE AND ORDERED** in Orlando, Florida on November 13, 2018.

ROY B. DALTON JR.
United States District Judge

Copies furnished to:

8

Counsel of Record