UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

TICKLING KEYS, INC.,

    Plaintiff,

v.                                                     Case No. 6:17-cv-1734-Orl-37LRH

TRANSAMERICA FINANCIAL
ADVISORS, INC.; WORLD
FINANCIAL GROUP, INC.; WORLD
FINANCIAL GROUP INSURANCE
AGENCY, INC.; and JOHN DOES 1-5,

    Defendants.
_____

### ORDER

        A hearing was held on March 12, 2019, regarding the parties' request for: (1) final approval of their proposed class action settlement; (2) certification of the settlement class; (3) appointment and approval of Plaintiff as class representative and Plaintiff's counsel as class counsel; and (4) approval and award of an incentive fee to Plaintiff for serving as class representative and an award of attorney's fees to class counsel. (Doc. 47 ("**Final Approval Hearing**").) Having considered the parties' submissions (*see* Docs. 41, 45) and oral arguments, the Court pronounced its ruling at the Final Approval Hearing, granting the requested relief as Plaintiff has shown that the requirements of Federal Rule of Civil Procedure 23 have been met. Specifically, the Court found that the settlement is due to be finally approved as fair, reasonable, and adequate and that it was negotiated at arm's length. The class representative and class counsel adequately represented the class. The

relief provided for the class is adequate. The notice, including the method of distribution and process for claims submission, is fair and reasonable under the circumstances. The generated fund of $527,000 for the potential class of 1,054 is a significant benefit, and the settlement treats the class members equitably in relation to one another. Additionally, the complexity, expense, and duration of the litigation is sufficient to warrant the claim for attorney's fees and an incentive award. And the requested fee and incentive award are reasonable given that Defendants do not object and none of the class members objected.

Accordingly, it is **ORDERED AND ADJUDGED**:

1. The Court **GRANTS** final approval of the settlement agreement between the parties previously filed with the Court on August 14, 2018 (Doc. 41-1 ("**Settlement Agreement**")) and finds that the settlement is in all respects fair, reasonable, and adequate, and in the best interests of the Settlement Class and all those affected by it.

   a. The Settlement Agreement is hereby incorporated by reference in full into this Order ("**Final Judgment**"), and all capitalized terms defined in the Settlement Agreement will have the same meanings as used in this Final Judgment.

   b. As no objections were filed and no Class Members requested to be excluded, this Final Judgment binds all members of the Settlement Class.

   c. This Court finds that the parties entered into the Settlement Agreement in good faith, following arm's-length negotiations,

        including mediation before a neutral third-party, and that the settlement was not collusive.

2.    The Court **CONFIRMS AND APPROVES** certification of the Settlement Class.

    a.    The Settlement Class or Class is defined as:

> All 1,054 persons who were sent the facsimile advertisement on or about August 31, 2015 in the form attached as Exhibit A to the Complaint in the Litigation (the "**Fax**") stating "**TRANSAMERICA FINANCIAL ADVISORS, INC.** Maximize your Investing Potential" and offering "many solutions to help families, individuals and businesses prepare for their financial futures…If I can answer any questions for you, please feel free to contact me at 707.332.2915 or 951.530.9343…"

    (*See* Doc. 41-1, ¶ 3.) Excluded from the Settlement Class are: (a) Defendants and their agents or affiliates, present and former officers, directors, shareholders, employees, and their successors, heirs, assigns, and legal representatives; and (b) members of the judiciary.

    b.    This Final Judgment shall not constitute a finding or be deemed an admission or waiver by any of the parties that the certification of a class would be appropriate outside of the settlement context or absent the Settlement Agreement.

3.    This Court **CONFIRMS** the appointment of Plaintiff as Class Representative and attorney Ryan M. Kelly of Anderson + Wanca as Class Counsel. The Court finds that Plaintiff has adequately represented the

Settlement Class for purposes of entering into and implementing the settlement. The Court further finds that Ryan M. Kelly is experienced in class action litigation, has fully and adequately represented Plaintiff and the Settlement Class members in negotiating and implementing the settlement, and has satisfied the requirements of Federal Rule of Civil Procedure 23.

4. The Court finds that the Notice and the process by which it was sent fully complied with the requirements of Federal Rule of Civil Procedure 23 and due process under the United States Constitution, constituted the best notice practicable under the circumstances, and was sufficient notice to all persons entitled to notice of the settlement of this lawsuit.

5. No members of the Settlement Class objected to the settlement.

6. No members of the Settlement Class requested exclusion from the settlement.

7. The Court finds that the relief provided under the settlement is fair, reasonable, and adequate, and in the best interests of the Settlement Class. Defendants have created a settlement fund of up to $527,000.00 ("**Settlement Fund**") and made it available to pay the claims of Settlement Class members, to pay an incentive award to Plaintiff for serving as the Class Representative, and to pay Class Counsel's attorney's fees and reasonable out-of-pocket expenses, including claims and administrative fees.

8. As the parties agreed in the Settlement Agreement, each member of the

Settlement Class who submitted a timely and valid Claim Form will be paid up to, but no more than $500.00 per fax, subject to a *pro rata* reduction in the event that the claims and other payments approved herein otherwise would exceed the total Settlement Fund. The Settlement Administrator will cause those checks to be mailed after receiving the funds from Defendants. As agreed between the parties, any uncashed checks issued to the class members will become void 91 days after issuance. Any money remaining from checks issued to Settlement Class members but not cashed within 90 days of issuance will be paid *cy pres* to charities selected by Plaintiff's counsel and approved by the Court.

9. Pursuant to the Settlement Agreement, the Court **APROVES AND AWARDS** a $10,000.00 Incentive Award to Plaintiff for serving as Class Representative in this matter.

10. Pursuant to the Settlement Agreement, the Court approves and awards attorney's fees to Class Counsel in the amount of $175,666.67 (33 1/3% of the Settlement Fund), plus reasonable out-of-pocket expenses, including claims and administrative fees, of $18,222.05.

11. Upon entry of this Final Judgment, all Settlement Class members (including Plaintiff) release and forever discharge all Defendants and each of their current and former parents, subsidiaries, affiliates, officers, directors, shareholders, employees, predecessors, successors, assigns, agents, and attorneys (collectively, "**Released Parties**"), from any and all claims,

demands, debts, liabilities, obligations, damages, losses, costs, actions, and causes of action, of every kind and nature, whether known or unknown, actual or potential, suspected or unsuspected, direct or indirect, contingent or fixed, that have been, could have been, or in the future might be asserted, that arise out of or relate to Defendants' transmission of the Fax on or about August 31, 2015 ("**Released Claims**"). It is expressly understood that this release will extinguish all claims of every nature relating in any way to the Fax regardless of whether the claims are known at the time of the settlement or this Order. All Settlement Class members have waived and relinquished any and all rights conferred by California Civil Code § 1542 which provides as follows: "A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor."

12. Upon entry of this Final Judgment, Defendants release and forever discharge Plaintiff (and each of its current and former parents, subsidiaries, officers, directors, shareholders, employees, predecessors, successors, assigns, agents, and attorneys) from any and all claims, demands, debts, liabilities, obligations, damages, losses, costs, actions, and causes of action, of every kind and nature, whether known or unknown, actual or potential, suspected or unsuspected, direct or indirect, contingent or fixed, that have been, could have been, or in the future might be asserted, that arise out of

or relate to this litigation.

13. All members of the Settlement Class (and any person or entity claiming by or through him, her, or it, as heir, administrator, devisee, predecessor, successor, attorney, representative of any kind, shareholder, partner, director or owner of any kind, affiliate, subrogee, or assignee) are hereby forever **BARRED AND PERMANENTLY ENJOINED** from directly or indirectly, individually or representatively, or in any other capacity: (i) filing, commencing, prosecuting, continuing, litigating, intervening in, participating in as class members or otherwise, or receiving any benefits or other relief from, any other lawsuit, arbitration, or administrative, regulatory, or other proceeding against any of the Released Parties relating to the Released Claims; and (ii) soliciting or encouraging any other Settlement Class members to participate in any such lawsuit, action, or proceeding. This injunction does not apply to actions brought by the Government.

14. This Final Judgment and the Settlement Agreement (including the exhibits thereto) may be filed in any action against or by any released person to support a defense of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

15. This case is **DISMISSED WITH PREJUDICE** as to Plaintiff and all members of the Settlement Class and without fees or costs except as

provided above.

16. The Court finds that there is no reason to delay entry of this Final Judgment.

17. The **CLERK** is directed to close the file.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on March 12, 2019.



ROY B. DALTON JR.
United States District Judge

Copies to:
Counsel of Record